UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:10CR17 HEA |
| ) | |
| RAYMOND DICKERSON, ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Memorandum and Recommendation, [Doc. No. 37], of United States Magistrate Judge Lewis M. Blanton, pursuant to 28 U.S.C. § 636(b). Judge Blanton recommends that Defendant's Motion to Suppress Statements and Evidence Obtained by Search and Seizure, [Doc. 20], be denied. Defendant has filed Objections to the Memorandum and Recommendation.

When a party objects to a magistrate judge's report and recommendation, the Court must conduct a de novo review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). This includes a *de novo* review of the magistrate's findings of fact, including any credibility determinations. *Id.* The court has reviewed the entire record, including listening to

the audio recording of the hearing held on March 10, 2010 and reading the transcript thereof.

## Discussion

Judge Blanton held a hearing on March 10, 2010. At this hearing, evidence was heard from one witness, David Sutton, a detective with the Poplar Bluff Police Department. Subsequent to the hearing, the parties filed memoranda in support of their respective positions.

Defendant objects to the Report and Recommendation arguing that it misapplies the law with respect to deceptive practices as they relate to the question of whether a consent for a search has occurred, and also because he objects to the factual conclusion that, viewed objectively and without *post hoc* reasoning, that no deception occurred. Defendant urges that Judge Blanton discussed the issue of consent and found that the consent to search was not invalidated despite officers deception as to identity or purpose. Contrary to Defendant's urging, Judge Blanton's discussion does not so find, rather, Judge Blanton prefaces his discussion on "even if" it were true that the officers entered Defendant's home by deceit or trickery" such actions would not invalidate the consent. Thus, Judge Blanton's discussion of the validity of the consent is prudential, rather than conclusive. As Judge Blanton finds, Detective Sutton's request and reason were appropriate and, as Detective Sutton testified, he went to Defendant's residence to follow up on the

robbery complaint which he had been assigned. No contrary evidence was produced to question the veracity of Detective Sutton's sworn testimony.

Moreover, even assuming that the reason for the August 19, 2009 visit was not to further investigate the robbery, the applicable law as discussed by Judge Blanton establishes the consent to enter the residence was valid in spite of the officers' reasons for seeking entry. *United States v. Trower*, 285 Fed.Appx. 321, 323, 2008 WL 2778792 (8th Cir. 2008)(unpublished), citing *United States v. Carter*, 884 F.2d 368, 375-76 (8th Cir. 1989) and *United States v. Yang*, 345 F.3d 650, 654-55 (8th Cir. 2003). Defendant's objections are therefore without merit.

**Conclusion**

Having conducted a *de novo* review of the Motion to Suppress Statements and Evidence and the record before the Court, Defendant's objections are overruled. The Order and Recommendation contains a very thorough analysis of the facts presented at the hearing and reaches the proper conclusions of law. The Court, therefore will adopt Judge Blanton's Recommendations.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Suppress Statements and Evidence, [Doc. 20], is **DENIED**.

Dated this 30th day of June, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE