UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No: 1:10CR17 HEA |
| RAYMOND DICKERSON, | ) |
| Defendant. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's letter to the Court, which the Court has construed as a Motion for Relief Under First Step Act of 2018, Senate Bill 115-756 [Doc. No. 69]. The Government has filed a Response in Opposition to the Motion. For the reasons set forth below, the Motion is denied.

### **Facts and Background**

On October 19, 2010 Defendant was sentenced to 180 months imprisonment pursuant to a guilty plea on charges of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).

Defendant now seeks a reduction of his sentence, apparently under 18 U.S.C. § 3582(c)(1)(A).

### **Discussion**

Section 603(b) of the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) with the goal of "increasing the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5194, at 5239. Federal prisoners may now directly petition the sentencing court for so-called "compassionate release" in the event that the BOP has failed to bring a motion for release on the prisoner's behalf and has waited more than 30 days to respond to a prisoner appeal of that decision or if the federal prisoner's appeal has been denied after "fully exhausting" all administrative remedies through the BOP. 18 U.S.C. § 3582(c)(1)(A). The statute now provides that relief is available if the court finds that the requested sentence reduction is warranted due to "extraordinary and compelling reasons" after the court considers the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. 3582(c)(1)(A)(i).

As the Government has correctly argued, there has been no exhaustion of Defendant's administrative rights. The Government has attached the Declaration of Lynn Fortune, Deputy Case Management Coordinator at the Federal Correctional Complex in Terre Haute, Indiana, where Defendant is currently housed. Ms. Fortune advises the Court that she has reviewed the available records, including the database used to track requests for reduction in sentence. Ms. Fortune further advises the Court that Defendant has not submitted a request for reduction in sentence to the Warden at FPC Terre Haute. Defendant, therefore has

failed to exhaust his administrative remedies. As such, Defendant has not satisfied the requirements set forth in Section 603(b). The motion, therefore is premature at best and must be denied.

## Conclusion

The Court has fully reviewed the file and all its documents filed by the parties. Based upon the foregoing review and analysis, the motion for relief will be denied without prejudice to refile in the event Defendant exhausts his administrative rights.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion For Relief, [Doc. 69], is denied.

Dated this 11th day of December, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE