UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:10CR17 HEA |
| ) | |
| RAYMOND DICKERSON, ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's supplementary motion for compassionate release under 18 U.S.C. § 3582. The government has filed its response advising the Court that it agrees Defendant is eligible for consideration for compassionate release. For the reasons set forth below, the Motion will be granted, with the conditions stated herein.

### Facts & Background

Raymond Dickerson, now age 67, is currently incarcerated at FCI Terre Haute serving a 180-month sentence under the Armed Career Criminal Act. Dickerson is scheduled for release on November 6, 2022. The Federal Public Defender has now filed a supplementary motion for compassionate release on Dickerson's behalf . In his supplemental motion, Defendant requests he be

released immediately due to his medical condition, his age, the percentage of his sentence served and the COVID-19 coronavirus pandemic.

## Discussion

Under Section 603(b) of the First Step Act, effective December 21, 2019, an inmate may now himself (or through his advocate) file a motion for compassionate release pursuant to 18 U.S.C. § 3582(c). Previously, a court could only act to reduce a defendant's sentence for "extraordinary and compelling reasons" if the Director of BOP filed such a motion. As the proponent of the motion, Dickerson bears the burden of proving both that he has satisfied the procedural prerequisites for judicial review and "extraordinary and compelling reasons" exist to support the motion. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue.").

### *Exhaustion of BOP Administrative Process*

In his supplemental motion, Dickerson alleges that he exhausted his remedies by way of an August 23, 2019 request to the warden at FCI Terre Haute. To the extent Dickerson's compassionate release request hinges upon the current pandemic, the August 23, 2019 request to the warden would be wholly insufficient to exhaust administrative remedies, as the coronavirus crisis surfaced in 2020, well after August 2019, and therefore could not have qualified as proper exhaustion.

*See, e.g.*, *United States v. Jenkins*, No. 4:15-CR-3079, 2020 WL 1872568, at *1 (D. Neb. Apr. 14, 2020) ("Simply put, the Court cannot consider a motion for compassionate release that is based on evidence or arguments that weren't presented to the Bureau of Prisons first.").

However, the government has represented to the Court that it has verified with the Bureau of Prisons that on March 27, 2020, Dickerson submitted another request to the warden based on his age, percentage of sentence served and the COVID-19 outbreak and his increased risk of serious complications from same. *See* Exhibit 1 (Inmate Request dated March 27, 2020). As such, it appears that Dickerson has now sufficiently exhausted his administrative rights and therefore qualifies for consideration for a reduction in sentence or compassionate release under the First Step Act.

***Merits***

To evaluate Dickerson's request for reduction in sentence, the Court must turn to amended 18 U.S.C. § 3582(c)(1)(A). Any reductions must be consistent with applicable policy statements issued by the United States Sentencing Commission. Specifically, U.S.S.G. § 1B1.13 governs compassionate-release reductions. Application Note 1 to the commentary to § 1B1.13 provides specific and limited grounds for release under § 3582(c)(1)(A):

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:

> (A) Medical Condition of the Defendant.—
>
>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>
>> (ii) The defendant is—
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

In support of his request, Dickerson cites his age, the percentage of his sentence he has served and his medical condition. Dickerson has presented medical records reflecting that he received treatment from mid-2018 to present for hepatitis C, congestive heart failure, and chronic obstructive pulmonary disease. These conditions, coupled with his age, classify Dickerson in the Center for Disease Control's high risk category for suffering serious medical risk were he to contract COVID-19. As of May 26, 2020, FCC Terre Haute has only three inmates and no staff with confirmed active COIVD-19 cases. The BOP has undertaken extraordinary measures to avoid the spread of the disease, however the Court understands Dickerson's age and medical conditions put him at increased risk. Additionally, Defendant is now 67 years old, he has only 30 months remaining on his 180-month sentence. While Dickerson has failed to demonstrate a terminal or other debilitating medical condition, the Court finds "extraordinary and compelling" reasons to grant release here.

The Court must also find that Dickerson no longer presents a danger to the community and that the sentencing factors in 18 U.S.C. § 3553(a) weigh in favor of early release. While Dickerson's criminal history includes at least three prior violent felony convictions, including: Robbery, Assault, and Unlawful Use of a Weapon, as well as multiple burglary convictions, he has not had any disciplinary issues while incarcerated.

The Court finds that sentencing factors weigh in favor of release.  However, the Court also finds that there is a need to quarantine defendant for period of at least fourteen days to protect public health. Specifically, the Court retains jurisdiction over this motion for fourteen days.

Accordingly,

**IT IS HEREBY ORDERED** that the Supplemental Motion for Relief Under the First Step Act is granted, provided, that the BOP place Defendant  in quarantine for 14 days.  If Dickerson has not displayed symptoms or tested positive for COVID-19 during that period, the Court will then order release. If Dickerson does test positive during the initial fourteen-day period, the United States will notify the Court and seek an extension of the release date until the defendant has tested negative.

**IT IS FURTHER ORDERED**  that the Court imposes an additional term of supervised release, namely a period of home confinement for thirty months . Such

a period of home confinement would protect the public and enable Dickerson to make a smooth transition back to the community.

    Dated this 1ˢᵗ day of June, 2020.

                                                       _____
                                                    HENRY EDWARD AUTREY
                                                UNITED STATES DISTRICT JUDGE